UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.              ) | No. 1:23-cr-15-JL |
| ) | |
| HEATH GAUTHIER ) | |

SENTENCING MEMO

    Heath Gauthier, through counsel, respectfully requests the Court to sentence him to the terms outlined in the plea agreement pursuant to Rules 11(c)(1)(A) and (C) of the Federal Rules of Criminal Procedure. The statutes for these offenses require a mandatory sentence of 10 years for possession of child pornography plus an additional 2 years for Aggravated Identity Fraud. The agreed upon sentence of 145 months is within the guideline sentencing range and is an appropriate sentence in this case. Gauthier respectfully objects to PSR ¶¶ 47 & 48 as well as special conditions #1 (substance abuse treatment) and #3 (testing for controlled substances).

The Plea and The Offense.

    Mr. Gauthier plead guilty to Counts 2, 4, 7, and 10 of the Superseding Indictment that charged him with wire fraud and attempted wire fraud, in violation of 18 U.S.C. § 1343 & 1349, aggravated identity theft, in violation of 18 U.S.C. § 1028A, and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) & (b)(2).

The Plea Agreement and Guideline Sentencing Range

    The plea agreement was reached pursuant to Fed. R. Crim. P. 11(c)(1)(A) and (C).   The parties agree that a sentence of 145 months' imprisonment is an appropriate sentence in this case. The parties also agree that restitution of at least $196,507 is due and owing to the SBA. Based

upon a total offense level of 29 and a criminal history category of II, the guideline imprisonment range is 97 months to 121 months.   However, the statutorily authorized minimum sentences are greater than the minimum of the applicable guideline range; therefore, the guideline range is 120 months to 121 months.   In addition, a term of 24 months on Count 7 must be ordered consecutively, thereby establishing a guideline range of 144 to 145 months.

18 U.S.C. § 3553(a) factors

Gauthier is a 48-year-old man with one prior conviction and a criminal history score of three. He graduated and obtained his diploma from Spaulding High School in Rochester in 1995. As a child he suffered abuse which impacted his life greatly.   He has a long history of mental health issues, including diagnoses for OCD, depression, agoraphobia, and personality disorder. Gauthier takes various medications for hypercholesterolemia, hypertension, and Type 2 diabetes. He was diagnosed with pulmonic valve stenosis.

Gauthier accepts responsibility and has admitted to his wrongdoing. The paramount directive in 18 U.S.C. §3553(a) is that the Court must impose a sentence that is "sufficient, but not greater than necessary," to achieve the purposes of the sentencing statute. 18 U.S.C. §3553(a). Gauthier respectfully requests the Court to adopt the parties' recommendation.

Objections to Conditions 1 & 3

Pursuant to 18 U.S.C. § 3583(d), the Court may only impose a special condition of supervised release if the Court determines that the condition (1) "will further at least one of the three legitimate statutory purposes of deterrence, protection of the public, and rehabilitation," *United States v. Medina*, 779 F.3d 55, 60 (1st Cir. 2015), (2) "involves no greater deprivation of liberty than is reasonably necessary," § 3583(d)(2), and (3) "is consistent

with any pertinent policy statements issued by the Sentencing Commission," § 3583(d)(3).   The conditions must have "adequate evidentiary support in the record" based on defendant's specific characteristics and background.  *Medina*, 779 F.3d at 61 (citations and quotations omitted); *see also United States v. Perazza–Mercado*, 553 F.3d 65, 69 (1st Cir. 2009).

Gauthier objects to special condition #1 and #3, requiring substance abuse treatment and testing for controlled drugs.   This condition is not reasonably related to the nature and circumstances of the offense. Nothing in the PSR suggests that Gauthier has a history of drug use or that controlled substances has contributed to his criminal conduct. Of note, Gauthier does not object to the prohibition for possession or use of alcohol; specifically, because Gauthier has no desire to consume it.   The requirement of substance abuse treatment and drug testing is overly restrictive as applied to the specific facts and circumstances of this case and to Gauthier's personal characteristics.

<u>Objection to ¶47 & ¶48</u>

Gauthier moves to strike paragraph 47.   While this information may show that the CARES Act loan proceeds were used for purposes other than for lawful business practices, Gauthier pleaded guilty and admitted he obtained the loans through fraudulent means. Therefore, this information provides minimal relevance.   This information only serves to imply that Gauthier exhibited predatory or grooming behavior. The minor met Mr. Gauthier on Grindr and would have had to misrepresent his age as 18 to set up the account.   The minor reported that he was 17 years old at the time of his interaction with Gauthier, but there is no evidence that Gauthier knew this male was a minor.

Gauthier moves to strike this paragraph as there is insufficient evidence to support the

claim, and Gauthier denies he "introduced a minor male family member [ ] to hard core sexual material and concepts and engaged in sexually explicit conversations with him and others." As to the minor male family member, he was interviewed twice. These interviews were conducted by trained interviewers at the Child Advocacy Center. During the first CAC interview, the minor made no actionable disclosures. During the second CAC interview, he again made no actionable disclosures. In other words, the minor provided no evidence that any sexual assaults occurred, and his interviews failed to establish a base level of probable cause to issue a warrant or charges.

Respectfully submitted,
HEATH GAUTHIER
By His Attorney,

Date:   June 17, 2024

*/s/ Dorothy E. Graham*
Dorothy E. Graham
N.H. Bar No. 11292
Assistant Federal Defender
Federal Defender Office
22 Bridge Street – 3rd Floor
Concord, NH 03301
Tel. (603) 226-7360
E-mail: dorothy_graham@fd.org

## CERTIFICATE OF SERVICE

I, Dorothy E. Graham, hereby certify that on June 17, 2024 a true copy of the above document was sent via ECF to AUSA Kasey Weiland.

*/s/ Dorothy E. Graham*

4